**Susanne Maynard LANGSTON,
and Sherrie Renee Sjodin,
Appellants,**

v.

**The STATE of Texas, Appellee.**

**Nos. B14–90–287–CR, B14–90–289–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 27, 1991.

Discretionary Review Granted
Oct. 16, 1991.

Tom Zakes, Houston, for appellants.

Roger A. Haseman, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellants were charged with the misdemeanor offense of criminal trespass. TEX.PENAL CODE ANN. § 30.05. After a joint trial, a jury found appellants guilty, and the court assessed punishment at a fine of $250 and 180 days confinement in the Harris County jail, probated for 180 days. As a condition of probation, appellants were ordered to be confined in the Harris County jail for 10 days pending appeal. We reverse and render.

On the morning of November 4, 1989, there was a pro-life demonstration at the West Loop Abortion Clinic. Seven to ten demonstrators entered the clinic to protest the abortions performed there. There is no evidence in the record that appellants were among the group which actually entered the clinic premises. According to a fireman dispatched to the clinic, a crowd of at least 150 protestors was standing outside the clinic in the parking lot and on the street. Karen Jones, as clinic director responsible for the care, control and management of the property, called the police to intervene.

Three years before this protest, the abortion clinic hired a security officer to prevent demonstrators from trespassing on clinic property. Acting in such capacity, he painted a yellow stripe on the pavement following survey notes and measurements given to him by a clinic attorney. This yellow stripe delineated the boundary of the clinic property. Outside the yellow line was a government easement maintained by the city between the clinic's property and an adjacent street. This was public property. Clinic personnel occasionally mowed the grass, cut weeds and cleared trash out of the ditch in this area. This yellow line between the clinic property and the public property was painted by the security officer one and one half to two years prior to this pro-life demonstration. This line was visible on the date of the demonstration. The security officer testified that beside the yellow line were the words, "Property Line" stenciled on the pavement in florescent orange paint. The florescent paint made the words "Property Line" conspicuous and visible according to the officer. The owner of the clinic testified that if an individual were over the yellow line, that is, within the perimeter of the property line, he would be on clinic property. The owner also testified that if a person were on the street side of the yellow line, he would not be on clinic property. The owner of the clinic testified that she believed that individuals who blocked the entrance to her business were trespassing. These facts concerning the labeling of the "property line" were carefully avoided by the attorney for the state in oral argument even under strong questioning by this court.

When the police arrived, they erected a barrier yellow tape with the words, "Crime Scene—Do Not Cross." This was to clear a corridor for ingress to and egress from the abortion clinic. There is no evidence that the police barrier attempted to demarcate the clinic property. It is undisputed that the appellants were inside the area cordoned off by the police tape when they were told to leave or face arrest for impeding a passageway, which is a Class B misdemeanor. See TEX.PENAL CODE ANN. § 42.-03. The record shows, however, that appellants were on the street side of the yellow property line when they were arrested. They were charged with criminal trespass, not with obstruction of a passageway. A video tape made by police during the arrest and admitted in evidence during the trial was not available for this court's review.

In their first point of error, appellants argue that there was insufficient evidence to support a finding that they were guilty of the crime with which they were charged. The criminal information charging appellants reads in pertinent part that appellant did "intentionally and knowingly enter and, after receiving notice to depart, remain ON PROPERTY owned by Karen Jones, without the effective consent of [Karen Jones]."

■ When confronted with a challenge to the sufficiency of the evidence, an appellate court must determine whether, viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App. 1989). The elements of proof of criminal trespass on property are that (1) a person, (2) without effective consent, (3) enters or remains on the property or any building of another, (4) knowingly or intentionally or recklessly, (5) when he had notice that entry was forbidden or received notice to depart but failed to do so. *Johnson v. State*, 665 S.W.2d 554, 556 (Tex.App.— Houston [1st Dist.] 1984, no pet.) (emphasis added); TEX.PENAL CODE ANN. § 30.05.

■ The state contends that since the clinic performed certain acts of routine maintenance on the public easement area of the pavement that Karen Jones should be considered the owner under the criminal trespass statute. In order to satisfy the third element of the criminal trespass statute, the state has the burden of proving that appellants entered and remained on property of another. The indictment here sets forth upon whose property it was that appellants were allegedly trespassing. The property was described as "owned by Karen Jones." A finding of a "greater right to possession" in Karen Jones is not sufficient to support a conviction under the indictment here. *Palmer v. State*, 764 S.W.2d 332, 334 (Tex.App.—Houston [1st Dist.] 1988, no pet.); TEX.PENAL CODE ANN. § 1.07(a)(4), (24). The state has not proven that Karen Jones, as clinic director, "owned" property outside the yellow line. Appellants were arrested on a public easement. There is no evidence that appellants were inside the line designated as the property line by an agent of the clinic. Viewing the evidence in the light most favorable to the verdict, a rational trier of fact could not have found beyond a reasonable doubt that appellants entered or remained on the property of Karen Jones. Appellants' first point of error is sustained.

As the disposition of appellants' first point disposes of this case, the remaining points of error will not be considered. Appellants' conviction is reversed and the court below is directed to enter a judgment of acquittal.