Luther VANDERBURG, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–92–00049–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 10, 1992.

Rehearing Denied Jan. 7, 1993.

---

Jerome Godinich, Jr., Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Mary Lou Keel, Stephen Harpold, Asst. Dist. Attys., Houston, for appellee.

Before SAM BASS, HEDGES and COHEN, JJ.

## OPINION

COHEN, Justice.

A jury found appellant guilty of criminal trespass, and the judge assessed punishment at 30 days in jail.

In his first point of error, appellant claims the evidence was insufficient. Viewing the evidence in the light most favorable to the verdict, we must determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Villalon v. State*, 791 S.W.2d 130, 132–33 (Tex.Crim. App.1990).

A hall runs behind Harris County Criminal Court Number 13 and connects court personnel offices with the courtroom. The hall can be entered through four different doors. For security reasons, each door contains posted language allowing access only to court personnel and authorized employees.

On June 6, 1991, appellant entered that hall. No one gave him permission to enter. He testified he entered to obtain court records regarding a previous case against him. Deputy Sheriff T.K. Peters, the bailiff, saw appellant in the hall, knew appellant was neither an attorney nor an employee, and told appellant to leave. Appellant refused, and Peters arrested him for trespassing.

Appellant claims the evidence is insufficient because the information charged he trespassed on property "owned by T.K. Peters," yet the State never proved Peters owned the property. We measure the sufficiency of the evidence by the jury charge that was given: if the evidence does not conform to the instruction given, it is insufficient as a matter of law to support the only verdict of "guilty" that was authorized. *Boozer v. State*, 717 S.W.2d 608, 610–11 (Tex.Crim.App.1984).

. ■ A person commits criminal trespass if (1) without effective consent, (2) he enters or remains on the property *of another*, (3) knowingly or intentionally or recklessly, (4) when he had notice that entry was forbidden or received notice to depart but

failed to do so. *Johnson v. State*, 665 S.W.2d 554, 556 (Tex.App.—Houston [1st Dist.] 1984, no pet.) TEX.PENAL CODE ANN. § 30.05 (Vernon 1989).

In order to satisfy the second element, the State had the burden of proving that appellant entered or remained on property "of another." *Johnson*, 665 S.W.2d at 556. Here, however, the formation and the jury charge went further, and specifically set forth upon whose property it was that appellant allegedly trespassed. Both described the property as "owned by T.K. Peters." [1]

■ The general rule is that allegations that are not essential to constitute the offense are treated as mere surplusage. *Whetstone v. State*, 786 S.W.2d 361, 364 (Tex.Crim.App.1990); *Burrell v. State*, 526 S.W.2d 799, 802 (Tex.Crim.App.1975). An exception to this rule exists, however, where the State pleads an unnecessary fact that describes that which is legally essential to charge a crime. In such a case, the State must prove the unnecessary pleading as alleged. *Id.* Because the State here pled the property was owned by T.K. Peters, an allegation that describes the essential element "of another," the State had to prove T.K. Peters owned the property. *Whetstone*, 786 S.W.2d at 364, n. 4.

■ The State claims the evidence showed Peters was an "owner" because he had a "greater right to possession" of the property than the actor. That suffices under the burglary statute, TEX.PENAL CODE ANN. § 30.02 (Vernon 1989), and the State asserts it should also suffice under the criminal trespass statute. The law is to the contrary.

The burglary statute requires proof that the victim was an "owner." Obviously, there may be many simultaneous owners of the same real property, and one co-owner can burglarize another co-owner if the latter has a "greater right to possession." TEX.PENAL CODE ANN. § 1.07(a)(24) (Vernon 1989). Thus, joint ownership is not a defense to burglary, nor is it to arson or criminal mischief. TEX.PENAL CODE ANN. § 28.05 (Vernon 1989) (defendant's interest in property destroyed is no defense if another person also has an interest that the actor is not entitled to infringe).

■ The criminal trespass statute is different. It requires that the act occur on property of "another." TEX.PENAL CODE ANN. § 30.05 (Vernon 1989). Joint ownership can be a defense to criminal trespass because if the defendant owns the property, he has not entered the property of "another," which means "a person other than the (defendant)." *Palmer v. State*, 764 S.W.2d 332, 334 (Tex.App.—Houston [1st Dist.] 1988, no pet.); TEX.PENAL CODE ANN. § 1.07(a)(4) (Vernon 1989). Consequently, a finding of a "greater right to possession" in the complainant is not sufficient to support a conviction for criminal trespass. *State v. Staley*, 814 S.W.2d 534, 535 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd); *Langston v. State*, 812 S.W.2d 406, 408 (Tex.App.—Houston [14th Dist.] 1991, pet. granted); *Palmer*, 764 S.W.2d at 334. We decline to hold, as the State urges, that defined words the legislature put into the burglary statute, but left out of the criminal trespass statute, should control the disposition of this criminal trespass case.

In *Langston*, the State charged the defendants with trespass of property "owned by Karen Jones," the director of an abortion clinic. *Langston*, 812 S.W.2d at 408. There, using tape, the police erected a corridor on a public easement to allow access to and from the clinic. *Id.* Jones, as clinic director, had permission to be in the corridor. The demonstrators did not. When

---

1. The information, in pertinent part, read:
[T]he defendant ... did ... intentionally and knowingly enter and remain ON PROPERTY owned by T.K. PETERS, ...
The charge, in pertinent part, read:
Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, LUTHER L. VANDERBURG, JR., did, in Harris County, Texas, on or about the 6th day of June, 1991, then and there unlawfully and with notice that entry was forbidden, intentionally or knowingly *enter or remain on property owned by T.K. Peters,* hereinafter styled the Complainant, without the effective consent of the Complainant, you will find the defendant guilty.
(Emphasis added.)

the demonstrators refused orders to leave the corridor, they were charged with criminal trespass, and convicted. *Id.* On appeal, the court reversed because the State never proved its allegation that Karen Jones "owned" the property on which the defendants were arrested, the corridor in the public easement. *Id.* A finding of a greater right to possession in Karen Jones was not sufficient to support a conviction. *Id.*

Here, because the State alleged Peters owned the property, it had to prove that. *Whetstone,* 786 S.W.2d at 364 n. 4; *Palmer,* 764 S.W.2d at 334; *Langston,* 812 S.W.2d at 408. It failed to do so. Proof that Peters had a greater right to possession than appellant is not what the criminal trespass statute requires. We hold the evidence is insufficient.

Point of error one is sustained.

We overrule appellant's remaining points of error for the reasons stated in the State's brief.

The trial court's judgment is reversed, and we render a judgment of acquittal.