Susanne Maynard **LANGSTON**
and Sheerie Renee Sjodin,
Appellants,

v.

The **STATE** of Texas, Appellee.

Nos. 885–91, 886–91.

Court of Criminal Appeals of Texas,
En Banc.

June 16, 1993.

Tom Zakes, Houston, for appellants.

John B. Holmes, Jr., Dist. Atty., and Roger A. Haseman and Brigitte Peters, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITIONS FOR DISCRETIONARY REVIEW

BAIRD, Judge.

Appellants were convicted of criminal trespass. Tex.Penal Code Ann. § 30.05. The Court of Appeals reversed. *Langston v. State*, 812 S.W.2d 406, 408 (Tex.App.— Houston [14th Dist.] 1991). We granted the State's petition for discretionary review to determine whether the Court of Appeals correctly held the evidence was insufficient to support appellants' convictions.[1] We will affirm.

### I.

Karen Jones was the director of the West Loop Clinic, a medical facility which performed lawful abortions. On the date of the alleged offense a large number of protestors arrived at the clinic and several forced their way into the clinic. Appellants never entered the clinic.

The clinic security guard, testified that he painted a property line across the drive-

---

1. We granted the following grounds for review:

    1. The Fourteenth Court of Appeals erred in failing to examine the sufficiency of the evidence in light of the charge that was actually given the jury.

    2. The Fourteenth Court of Appeals erred in holding that, in a criminal trespass case, a government easement utilized by a private property owner is public property.

    3. The Fourteenth Court of Appeals erred in holding that, in a criminal trespass case, a private property owner could not prevail upon a finding that the owner had a "greater right to possession" than appellant.

way entrance to the clinic, to distinguish between the clinic's property and public's property.[2] The clinic's attorney determined the location of the property line. Appellants never crossed the property line.

Between the street and the property line is a drainage ditch and a paved driveway leading to the clinic. Several witnesses believed the property was an easement. However, there was no testimony as to the type of easement or who held title to the property. Jones testified the clinic had care, management and control over the property.[3] The instant allegation arose when appellants failed to leave this property.

> The informations alleged that appellants:
> ... on or about NOVEMBER 4, 1989 did then and there unlawfully, intentionally and knowingly enter and, after receiving notice to depart, remain ON PROPERTY *owned* by KAREN JONES, hereafter styled the Complainant, without the effective consent of the Complainant.[4]

The jury charge at the guilt/innocence phase required the jury to find that Karen Jones "owned" the property.[5]

The Court of Appeals held:

> ... In order to satisfy the third element of the criminal trespass statute, the state has the burden of proving that appellants entered and remained on property of another. The [information] here sets forth upon whose property it was that appellants were allegedly trespassing. The property was described as "owned by Karen Jones." A finding of a "greater right to possession" in Karen Jones is not sufficient to support a conviction under the [information] here. *Palmer v. State*, 764 S.W.2d 332, 334 (Tex.App.— Houston [1st Dist.] 1988, no. pet.); Tex.Penal Code Ann. § 1.07(a)(4), (24). The State has not proven that Karen Jones, as clinic director, "owned" property outside the [property] line. Appellants were arrested on a public easement. There is no evidence that appellants were

---

**2.** The security guard testified:
Q. ... Officer, is there a line drawn or painted into the concrete at that clinic location?
A. Yes, at the north entrance.

\* \* \* \* \* \*

A. ... It comes out here thirty-two inches from the building, and then comes down twenty-five feet, and then goes across another seventy-two feet ... and in the—well, at that point, there's a—a—a stencil in there that says "Property Line".

\* \* \* \* \* \*

Q. ... how did you know where to put the line?
A. Based on the survey of the private property and that is the information that was given to me as to that being the property line—well, where the property line runs on the—on the—according to the records.

**3.** Jones initially testified as follows:
Q. And, is there a delineation of what is and is not the property of the West Loop Clinic?
JONES: Yes, we do have a yellow line drawn between the clinic property and the public property.
Q. Is that a thick yellow line or could you describe it for the members of the jury?
JONES: It looks like a parking lot type line in yellow.

\* \* \* \* \* \*

Q. And, am I not correct that these Defendants ... were on the street side—if the evidence showed that they were on the street

side of the yellow line, then, they would not have been on the clinic property[?]
Isn't that true?
JONES: If they were on the other side of the yellow line.
Jones later testified:
Q. Do you also have care, custody and control or management of the area outside the yellow line up to Schumacher Street?
Jones: Yes, we do.

\* \* \* \* \* \*

Jones: We—the clinic—mow the grass, and cuts down the weeds, and cleans the trash out of it.

**4.** Unless otherwise indicated, all emphasis is supplied.

**5.** The jury charge provided:
"Owner" means a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession than the defendant.
"Possession" means actual care, custody, control, or management.
Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, [appellant], in Harris County, Texas, on or about the 4th day of November, 1989, did then and there intentionally or knowingly enter and, after receiving notice to depart, remain on property owned by KAREN JONES, hereafter styled the Complainant, without the effective consent of the Complainant, you will by your verdict find the defendant guilty as charged.

inside the line designated as the property line by an agent of the clinic. Viewing the evidence in the light most favorable to the verdict, a rational trier of fact could not have found beyond a reasonable doubt that appellants entered or remained on property of Karen Jones....

*Langston,* 812 S.W.2d at 408.

## II.

The State contends the Court of Appeals erred in failing to review the sufficiency of the evidence in light of the jury charge and in holding the evidence was not sufficient to prove the property was *owned* by Jones. *See,* fn. 1, *supra.*

The Court of Appeals set forth the elements of criminal trespass as follows: 1) a person, 2) without effective consent, 3) enters or remains on the property or any building of another, 4) knowingly or intentionally or recklessly, 5) when he had notice that entry was forbidden. *Langston,* 812 S.W.2d at 408 (citing *Johnson v. State,* 665 S.W.2d 554, 556 (Tex.App.—Houston [1st Dist.] 1984, no pet.)) and Tex.Penal Code Ann. § 30.05.[6]

■ Initially we note that ownership is *not* an element of criminal trespass. § 30.05 requires only that the actor remained on property *of another* after receiving notice to depart. However, the State, having pled the property was owned by Karen Jones, assumed the burden of proving the allegation. In *Chavez v. State,* 843 S.W.2d 586 (Tex.Cr.App.1992), we held:

> ... [O]ur law is well settled that unnecessarily specific allegations of this kind are not merely surplusage, but must be proven to sustain conviction. *Whetstone v. State,* 786 S.W.2d 361, 364 (Tex.Crim. App.1990); *McWilliams v. State,* 782 S.W.2d 871, 873–874 (Tex.Crim.App. 1990), and cases cited therein. Certainly

this is true where, as here, the jury was in fact instructed that it might not convict without finding such elements to be true beyond a reasonable doubt. *See Boozer v. State,* 717 S.W.2d 608 (Tex. Crim.App.1984).

*Id.* at 588. Because the State elected to prosecute appellant on an "unnecessarily specific allegation," the issue of ownership is germane to the instant case. However, because ownership is not an element of the offense of criminal trespass, we need not address its general applicability to criminal trespass cases. Because our holding today is case specific, we need not decide whether, in a criminal trespass case, a private property owner could not prevail upon a finding that the owner had a greater right to possession than appellant. Therefore, the State's third ground for review is dismissed.

## III.

■ We now proceed to the State's first and second grounds for review. In reviewing the sufficiency of the evidence to sustain appellant's conviction, the appellate court must determine whether a rational trier of fact could have found all of the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Cr.App.1989). In the instant case, the Court of Appeals was asked to determine whether any rational juror could have found Karen Jones:

> ... ha[d] title to the property, possession of the property ... or a greater right to possession of the property than [appellant]....

Tex.Penal Code Ann. § 1.07(a)(24).[7]

■ When viewed in the light most favorable to the verdict, we hold that no

---

**6.** § 30.05 provides in part:
(a) A person commits an offense if he enters or remains on property or in a building of another without effective consent and he:
(2) received notice to depart but failed to do so.

**7.** We disagree with the Court of Appeals' holding that "[a] finding of a 'greater right of possession' in Karen Jones is not sufficient to support

a conviction *under the [information] here."* *Langston v. State,* 812 S.W.2d at 408. For that proposition, the Court of Appeals relied upon *Palmer v. State,* 764 S.W.2d 332 (Tex.App.—Houston [1st Dist.] 1988). The *Palmer* court stated:
... A finding of a "greater right to possession" is not sufficient to support a conviction under the criminal trespass statute, as the

rational juror could find, beyond a reasonable doubt, that Karen Jones *owned* the property. There was no evidence as to: who was the title holder of the property; who holds the easement; the boundaries of the easement; and, what type of easement exists, assuming the property does lie within an easement.[8] The evidence only establishes that the property lies adjacent to the clinic and that the clinic's patients cross the property to enter and exit the clinic parking lot. On these facts, we conclude the evidence does not show that Jones had "a greater right of possession" to the property than appellants. Because the State assumed the unnecessary burden of proving ownership of the property, the State must bear the penalty for its failure to so prove.

Accordingly, the judgments of the Court of Appeals are affirmed.

McCORMICK, P.J., and WHITE and MALONEY, JJ., concur in the result.

MEYERS, J., not participating.

CLINTON, Judge, concurring.

As pertinent to the facts here, V.T.C.A. Penal Code, § 30.05(a)(2) makes it a penal offense if a person "remains on *property ... of another* without effective consent," after "receiving notice to depart;" according to *id.*, § (b)(2)(A), "notice means oral or written communication by the *owner* or someone with apparent authority to act for the *owner* [.]" [1]

In my judgment, given the evidentiary facts recited in the opinion of the court of appeals in this case, the area where appellants were when told by peace officers "to leave or face arrest for impeding a passageway," *Langston v. State*, supra, at 406, that is, "on the street side of the yellow line," majority opinion, at 2, n. 3, is certainly the "property of another;" however, the State did not prove beyond a reasonable doubt that it was then and there the "property of [Karen Jones]."

In the context of the kind of criminal trespass the State claims appellants committed here, the statutory phrase embraces only *"real* property of another," "of" being used in the sense of "owning" such real property.[2] There is no evidence that the

legislature chose "another" as the operative word, not "owner," as is used in the burglary and theft statutes. Tex.Penal Code Ann. sec. 107(4), (24); secs. 30.–02–.05; and sec. 31.03 (Vernon 1974). *Palmer*, 764 S.W.2d at 334.

As noted above, the State alleged appellants remained on property *owned* by Jones. Therefore the State has assumed the burden of proving ownership. Accordingly, the definition of "owner" under § 1.07(24) was applicable.

8. Therefore we do not decide whether a "government easement utilized by a private property owner is public property." (State's ground for error two. *See,* fn. 1, *supra.*)

1. As the Practice Commentary notes, when the former statute prohibiting criminal trespass, article 1377(c), C.C.P.1925, as amended in 1971, was incorporated into the "new" Penal Code in 1973, legislators neglected to prescribe a culpable mental state; while observing that § 6.02(b) and (c) "impart a requirement that at least recklessness be proven," for reasons given the commentators suggest instead that "at least a *knowing* culpable mental state should be required before the criminal law intrudes into an area already having a civil remedy."

The Court, apparently not particularly receptive to being all that precise in its analysis, opted for every culpable mental state, i.e., "intentionally, knowingly, or recklessly." *Day v. State*, 532 S.W.2d 302, at 306 and n. 3 (Tex.Cr. App.1975) (opinion on original submission). That became the pattern to be used by this Court, e.g., *West v. State*, 567 S.W.2d 515, at 516 (Tex.Cr.App.1978)—to the extent of denouncing as *"fundamental* error" a jury charge that omitted "intentionally and knowingly," *Holloway v. State*, 583 S.W.2d 376 (Tex.Cr.App.1979)—and later, of course, by courts of appeals in, e.g., *Johnson v. State*, 665 S.W.2d 554, at 556 (Tex. App.—Houston [1st] 1984); *Palmer v. State*, 764 S.W.2d 332, at 335 (Tex.App.—Houston [1st] 1988), no PDR; and in the instant cause, *Langston v. State*, 812 S.W.2d 406, at 408 (Tex.App.— Houston [1st] 1991).

Since one cannot "intend" such "circumstances surrounding his conduct" as *"knowledge,"* always to require a jury to find "intentionally" as an element as criminal trespass may place an impossible burden on the prosecution.

All emphasis here and throughout this opinion is mine unless otherwise indicated.

2. In common usage "of" is a "function word," and in a general sense has many connotations; in one particular sense it indicates "a possessive relationship;" *"belonging* or pertaining to or connected with ...;" as "the right of the possessor." Webster's New International Dictionary

real property on which appellants were located at the time is "property of Karen Jones," in the senses of "belonging to" or "possessed by" her.

Indeed, the overwhelming weight of the evidence shows that the real property is "property of another," other than Karen Jones. The court of appeals characterized the property as "a government easement maintained by the city *between the clinics' property* and an adjacent street." *Langston,* supra, at 407. Thus it clearly is the property of another other than Karen Jones and the clinic.[3]

Accordingly, I join the judgment of the Court.

---

(2d Ed.1944) 1689[17]; see also Websters New Collegiate Dictionary (1979) 789[6]. In the latter sense it connotes "owning:" "to possess; to have or hold as property or appurtenance; to have rightful title to, whether legal or natural, as to *own* a house, a title or prerogative," *Webster's New International,* supra, at 1795[2] (emphasis in original); "to have or hold as property: possess," *Websters New Collegiate,* supra, at 813[1].

3. That personnel from the West Loop Abortion Clinic for which she was director gratuitously "occasionally mowed the grass, cut weeds and cleared trash out of the ditch in this area," a government easement, *Langston,* supra, at 407, 408, will not serve in law to convert "property of another" to "property of Karen Jones" or "property of the clinic."

While in my opinion the phrase "property of another" may not implicate the statutory definition of "owner," even so neither Karen Jones nor the clinic had title to the real property, possession of the real property nor a greater right of possession to it than appellant. The fact of the matter is they and appellant had none of the statutory requisites attributed to an "owner," and thus no "right" of any nature in or to the real property.