IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-423-CR





HERMAN LEE KINDRED,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY, 



NO. 2C91-98991, HONORABLE JOHN BARINA, JUDGE PRESIDING



 





PER CURIAM

 A jury found appellant guilty of criminal trespass. Tex. Penal Code Ann. § 30.05
(West 1989 & Supp. 1993). The court assessed punishment at incarceration for 166 days and a
$1 fine.

 In a single point of error, appellant urges that the evidence is legally insufficient
to sustain the conviction. Appellant makes three interrelated arguments. First, he asserts that the
State failed to prove that the property in question was that "of another." Second, appellant
contends that the State failed to prove ownership in the person alleged. Finally, appellant
contends there is a fatal variance between the pleading and the proof.

 A person commits criminal trespass if he "enters or remains on property or in a
building of another without effective consent," and he had notice that entry was forbidden. Penal
Code § 30.05(a)(1) (emphasis added). "Another" means a person other than the actor. Tex. Penal
Code Ann. § 1.07(4) (West 1974). The First Court of Appeals has held that joint ownership can
be a defense to criminal trespass because if the defendant has an ownership interest in the
property, it cannot be the property of a person other than the defendant. Vanderburg v. State, 843
S.W.2d 286, 288 (Tex. App.--Houston [1st Dist.] 1992, no pet.). As a consequence, that court
is of the opinion that a finding that the complainant had a greater right to possession of the
property than the defendant is not sufficient to support a conviction for criminal trespass. Id;
accord, Langston v. State, 812 S.W.2d 406, 408 (Tex. App.--Houston [14th Dist.] 1991), aff'd,
855 S.W.2d 718 (Tex. Crim. App. 1993); contra, Davis v. State, 799 S.W.2d 398, 400 (Tex.
App.--El Paso 1990, pet. ref'd). In its opinion in Langston, the Court of Criminal Appeals did not
reach this question. 855 S.W.2d at 721. 

 The information in this cause alleges that appellant "intentionally and knowingly
enter[ed] and remain[ed] on the property of Isaac Webb without said owner's effective consent,
and the defendant entered with notice that entry was forbidden." (1) Having alleged that Isaac Webb
was the owner of the property, the State was bound to prove that fact. Langston, 855 S.W.2d at
721.

 Isaac Webb, Jr., testified that he owns the house at 816 South 24th Street in
Temple. Webb's wife, Pearl Webb, and daughter, Tassie Curry, testified that they live in the
house with Webb. Webb also testified that he knew appellant well enough to speak to him and
that he had repeatedly told appellant not to come upon his property. Webb and his daughter
testified that on the day in question, appellant repeatedly entered the yard and came to the door
of the house despite being told not to do so.

 Appellant's wife and another defense witness testified that appellant did not enter
onto Webb's property, but that he spoke to Webb from his car while parked in the street in front
of Webb's house. There was no testimony or other evidence to suggest that appellant had an
ownership interest in the property in question.

 In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Griffin v. State, 614 S.W.2d 155
(Tex. Crim. App. 1981). Applying this rule to the facts in this cause, we conclude that a rational
jury could find beyond a reasonable doubt that appellant intentionally or knowingly entered or
remained on property of Isaac Webb, and that appellant had notice that such entry was forbidden. 
A jury could also find from the evidence that Isaac Webb had title to or possession of the property
at 816 South 24th Street, and was therefore the owner of the property. Tex. Penal Code Ann. §
1.07(24)(A) (West Supp. 1993). We do not rely on the greater right to possession theory of
ownership, and express no opinion on its applicability in prosecutions for criminal trespass.

 The suffix "Jr." does not form a part of a name and is immaterial in criminal
proceedings. Smith v. State, 435 S.W.2d 526 (Tex. Crim. App. 1969). Therefore, appellant's
contention that there is a variance between the pleading and the proof is without merit. 

 The point of error is overruled and the judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: September 22, 1993

[Do Not Publish]

1.   Appellant refers us to the opinion in State v. Staley, 814 S.W.2d 534 (Tex. App.--Houston
[1st Dist.] 1991, pet. ref'd), in which it was held that an information alleging that the defendant
"enter[ed] and remain[ed] on property owned by" the complainant was properly dismissed for
failing to state an offense. This holding has been disapproved by the Court of Criminal Appeals. 
State v. Kinsey, No. 1564-92 (Tex. Crim. App. Sept. 15, 1993). Moreover, the information in
the cause before us is distinguishable, as it alleges that appellant entered property "of Isaac
Webb," which is the equivalent of alleging that it was the property "of another." In any event,
appellant voiced no objection to the information prior to trial. Tex. Code Crim. Proc. Ann. art.
1.14(b) (West Supp. 1993).