Peter Andrew ARNOLD, Appellant,

v.

The STATE of Texas, Appellee.

No. 689–93.

Court of Criminal Appeals of Texas,
En Banc.

Dec. 15, 1993.

Peter Andrew Arnold, pro se.

John B. Holmes, Jr., Dist. Atty., Timothy G. Taft and Chuck Rosenthal, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

BAIRD, Judge.

Appellant was convicted of criminal trespass. Tex.Penal Code Ann. § 30.05. The Court of Appeals found the evidence insufficient, reversed the judgment of the trial court and ordered an acquittal. *Arnold v. State*, No. 01–91–1141–CR, 1993 WL 93451 (Tex.App.—Houston [1st Dist.] April 1, 1993) (Not published). The State has filed a petition for discretionary review contending that proof of ownership under Tex.Penal Code Ann. § 1.07, namely, a greater right to possession of the property, is sufficient to support a conviction for criminal trespass. For the following reasons, we will grant the State's petition for discretionary review and remand the case to the Court of Appeals.

I.

The Court of Appeals set forth the elements of trespass and noted that under Tex.Penal Code Ann. § 30.05 the State had the burden of proving that appellant entered or remained on the property of *another*. However, the information alleged appellant trespassed on property "owned by Rey Cestero." The Court of Appeals then held that by pleading ownership, the State assumed the additional burden of proving ownership. The Court then stated:

At appellant's trial, Mr. Cestero testified that he is a Deputy United States Marshal and the supervisor of the enforcement operation section of the marshal's office in Houston. He testified that the Marshal Service is responsible for security at the courthouse, and that appellant did not have [Cestero's] consent to be in the courthouse that day. No testimony was presented that Mr. Cestero owned the federal courthouse.

*The fact that Mr. Cestero may have had a greater right to possession of the building than appellant is not sufficient to satisfy the criminal trespass statute, which*

*requires that the act occurred on property of another.* [Citation omitted.][1]

*Arnold v. State,* No. 01–91–1141–CR, 1993 WL 93451, *1, *2 (Tex.App.—Houston [1st Dist.] April 1, 1993).

## II.

■ In the similar case of *Langston v. State,* 812 S.W.2d 406 (Tex.App.—Houston [14th Dist.] 1991), the defendant was charged by information with trespassing on property "owned by" the complainant. The Court of Appeals reversed, holding evidence of a greater right to possession was not sufficient to support the conviction. *Id.,* 812 S.W.2d at 408. We began our review of that decision by noting § 30.05 requires only that the defendant enter or remain on property of *another.* However, if the State unnecessarily alleges ownership of the property, the State assumes the burden of proving that allegation. *Langston v. State,* 855 S.W.2d 718, 721 (Tex.Cr.App.1993) (plurality opinion).

■ We then rejected the holding of the Court of Appeals that a greater right of possession was not sufficient to prove ownership. Rather, we noted that the definition of owner under Tex.Penal Code Ann. § 1.07(24) was applicable to trespass cases where the State alleged ownership.[2] *Langston,* 855 S.W.2d at 721, n. 7. However, that proposition was stated as dicta in a footnote. Today, we adopt that proposition and specifically hold that, in criminal trespass cases where the State alleges ownership, § 1.07(24) is applicable and the State may establish ownership by proving, beyond a reasonable doubt, that the complainant had a greater right to possession of the property than the defendant. *Id.*

Accordingly, the State's petition for discretionary review is granted, the judgment of the Court of Appeals is vacated and the case remanded to that Court for further proceedings consistent with this opinion.

1. All emphasis is supplied unless otherwise indicated.

2. Tex.Penal Code Ann. § 1.07(24) provides:

CLINTON, Judge, dissenting.

The majority continues to disregard the true connotation of the core statutory term in the definition of the offense of criminal trespass set out in V.T.C.A. Penal Code, § 30.-05(a), *viz:* "property ... of another."

The former statutes and earlier cases "obviously presuppose that the 'property of another' contemplates 'ownership' in the sense of 'belonging to,' 'possessed by' or 'held by' some person other than the alleged trespasser who is bereft of any such 'ownership.'" *Kinsey v. State,* 861 S.W.2d 383, at 385–386 (Tex.Cr.App.1993) (Clinton, J., concurring).

The present statutory phrase embraces "only *'real* property of another,' 'of' being used in the sense of 'owning' such real property." *Langston & Sjodin,* 855 S.W.2d 718, at 722 (Tex.Cr.App.1993) (Clinton, J., concurring) (emphasis in original); *Kinsey v. State,* 861 S.W.2d 383, at 385 (Tex.Cr.App.1993) (Clinton, J., concurring) (information may be reasonably and fairly read to allege that appellee remained on the property of "Norman Whitlock ('another'), the owner thereof").

As thus used in the criminal trespass statute the Legislature understood it was protecting the "property of another" whose "ownership" and concomitant rights are exclusive against intruders who have no right of possession whatsoever. *Vanderburg v. State,* 843 S.W.2d 286, at 288–289 (Tex. App.—Houston [1st] 1992). Joint ownership can be a defense to criminal trespass because the defendant who enters his jointly owned property does not enter "property of another," that is, "a person other than the [defendant]." *Palmer v. State,* 764 S.W.2d 332, at 334 (Tex.App.—Houston [1st] 1988), and cases cited, no PDR. Therefore, a finding of "greater right of possession" is not sufficient to support a "conviction for criminal trespass." E.g., *State v. Staley,* 814 S.W.2d 534, at 535 (Tex.App.—Houston [1st] 1991), PDR refused; *Langston v. State,* 812 S.W.2d 406, at 408 (Tex.App.—Houston [14th] 1991), af-

Owner means a person who: (A) has title to the property, possession of the property, whether lawful or not, or *a greater right to possession of the property than the actor;* or (B) is a holder in due course." [Emphasis added.]

firmed on other grounds 855 S.W.2d 718 (Tex.Cr.App.1993).

Because the majority is laying groundwork for considerable confusion, if not much mischief, I must dissent.

MILLER and MEYERS, JJ., join.