Luther **VANDERBURG**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 218–93.

Court of Criminal Appeals of Texas, En Banc.

April 20, 1994.

Jerome Godinich, Jr., Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Mary Lou Keel and Stephen Harpold, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON THE STATE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted by a jury of criminal trespass and the trial court sentenced

---

him to thirty days confinement in the county jail. The Court of Appeals reversed the conviction and rendered a judgment of acquittal. *Vanderburg v. State*, 843 S.W.2d 286 (Tex.App.1992). The State filed a petition for discretionary review alleging that the Court of Appeals erred in holding proof of a greater right of possession in the complainant is not sufficient to support a conviction for criminal trespass.

The facts of this case are almost identical to those in our recent opinion of *Arnold v. State*, 867 S.W.2d 378 (Tex.Cr.App.1993), in which this Court held that "in criminal trespass cases where the State alleges ownership ... the State may establish ownership by proving, beyond a reasonable doubt, that the complainant had a greater right to possession of the property than the defendant." *Id.* at 379. See also, *Langston v. State*, 855 S.W.2d 718, 721 at n. 7 (Tex.Cr.App.1993).

The Court of Appeals did not have the benefit of our recent opinion in *Arnold*. Therefore, the judgment of the Court of Appeals is summarily reversed and the case is remanded to that court for reconsideration in light of *Arnold*.