Affirmed and Memorandum Opinion filed March 11, 2004














Affirmed and
Memorandum Opinion filed March 11, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NOS. 14-03-00083-CR &

      14-03-00084-CR

______________

 

ANNIE REGINA COLE, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

___________________________________________________

 

On Appeal from
the County
 Criminal Court at Law No.
1

Harris County, Texas

Trial Court
Cause Nos. 1128099 and 1128100

___________________________________________________

 

M E M O R A N D U M   O P I N I O
N

            In this consolidated appeal,
appellant, Annie Regina Cole, appeals her convictions for criminal trespass and
resisting arrest.  She contends that the
evidence is legally and factually insufficient to support her convictions.  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion and affirm.  See Tex. R. App. P. 47.4. 

Background

            At the time of the offense,
appellant was working as a custodian at Reliant Stadium.  Access to the stadium was restricted to
authorized personnel.  While working,
appellant refused to use the proper cleaning solution after being instructed to
do so several times by her supervisor, Emelia Garcia.  Garcia talked to her supervisor about the
situation, and then instructed appellant to clock out and leave about ten
times.  Appellant refused, cursing at
Garcia and telling her she was not going to leave.  

            Garcia retrieved Police Officer
Moreno, a security guard at the stadium, to escort appellant off the
property.  As Garcia and Officer Moreno
were returning to the area where appellant had been working, they encountered
appellant walking down a ramp.  Officer
Moreno instructed appellant to leave the premises.  Appellant became argumentative, claiming she
needed to talk to Garcia’s supervisor, Officer Moreno had no authority to tell
her to leave, and she was going to another area of the building to work.  Officer Moreno then told appellant several
times that if she did not leave the premises, she would be arrested.  Appellant began to walk away, and Officer
Moreno grabbed a bag appellant was holding. 
Appellant came at Officer Moreno swinging her arms, kicking, and
screaming.  Officer Moreno wrestled
appellant to the ground where she  clawed
at his hands, arms, and groin area, and continued to strike him.  Officer Moreno did not have his handcuffs
with him, so Garcia retrieved them from his car at his request.  Appellant continued to struggle as Officer
Moreno attempted to handcuff her. 
Appellant was eventually handcuffed and placed in a patrol car.  A jury convicted appellant of criminal
trespass and resisting arrest. 

Standard of Review

            Appellant claims the evidence is
legally and factually insufficient to support either conviction.  In a legal sufficiency challenge, we review
the evidence in the light most favorable to the verdict to determine if any
rational fact finder could have found the essential elements of the crime
beyond a reasonable doubt.  King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App.
2000).  We consider all evidence
presented at trial; however, we do not re-weigh the evidence or substitute our
judgment for that of the fact finder.  Id.  Therefore, if any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt,
we must affirm.  McDuff v. State, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

            In reviewing factual sufficiency of
the evidence, we view all the evidence in a neutral light, both for and against
the finding, and set aside the verdict only if “proof of guilt is so obviously
weak as to undermine confidence in the jury’s determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary
proof.”  Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  Although we may disagree with the verdict,
our factual sufficiency review must be appropriately deferential to avoid our
substituting our judgment for that of the fact finder.  Clewis
v. State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996). 

Criminal Trespass

            A person commits the offense
of criminal trespass when she remains on property of another without effective
consent and she received notice to depart but failed to do so.  Tex.
Pen. Code Ann. § 30.05(a)(2) (Vernon 2003).  The information in this case charged that
appellant did “enter and remain on the property of another, namely Emelia
Garcia without the effective consent of Emelia Garcia, after having received
notice to depart and failing to do so.” 
Appellant contends this is an allegation that Garcia was the owner of
the property, and the evidence was legally and factually insufficient to prove
this.  However, ownership of the property
is not an element of the offense of criminal trespass.  Langston
v. State, 855 S.W.2d 718, 721 (Tex. Crim. App. 1993).  Unless the State explicitly pleads
“ownership,” it does not have the burden of proving it.  Thompson
v. State, 12 S.W.3d 915, 920 (Tex. App.—Beaumont 2000, pet ref’d); see Brodie v. State, 1998 WL 23698, at
*2 (Tex. App.—Houston
[14th Dist.] Jan 22, 1998, pet ref’d) (not designated for
publication).  Because the State did not
explicitly allege that Garcia was the “owner” of the property, we overrule
these issues.

            Next, appellant contends the
evidence is legally and factually insufficient to prove she failed to leave the
stadium after she was instructed to do so. 
Appellant claims that because she was walking down a ramp, which was a
route that could have taken her to the exit of the stadium, the state did not
prove she failed to depart when she was asked to do so.  However, Garcia testified that before she
left to find Officer Moreno, she asked appellant around ten times to leave the
stadium, but appellant failed to do so. 
Additionally, Officer Moreno testified that appellant told him while she
was on the ramp that she was not going to leave.  We conclude that this is legally and
factually sufficient evidence from which the jury could have found appellant
failed to leave the stadium after she received notice to do so.  We overrule appellant’s issues.

Resisting Arrest

            A person commits the offense of
resisting arrest if she intentionally prevents a person she knows is a peace
officer from effecting an arrest by using force against the peace officer.  Tex.
Pen. Code Ann. § 38.03(a) (Vernon 2003). 
Appellant claims the evidence is legally and factually insufficient to
support a finding that Officer Moreno was effecting an arrest when appellant
used force against him.  Appellant claims
she struck Officer Moreno after he grabbed her bag.  She claims he grabbed her bag only to keep
her from walking to another part of the stadium, but not to effect an
arrest.  An officer starts effecting an
arrest when he begins efforts to gain control or physical restraint over the
individual.  Bruno v. State, 922 S.W.2d 292, 294 (Tex. App.—Amarillo 1996, no
pet.).  An intent to arrest, and an
action taken pursuant to that intent is necessary.  Id.  An officer is no longer effecting an arrest
once his actions to control or restrain the individual are complete.  Id.  According to the State’s evidence, appellant
continued to strike at Officer Moreno after he wrestled her to the ground, but
before he gained control of her.  Officer
Moreno testified that he was taking control of appellant to effect an
arrest.  Regardless of whether Officer
Moreno was effecting an arrest when he grabbed appellant’s bag, we find the
evidence is legally sufficient to support a finding that Officer Moreno was
effecting an arrest when appellant struck him after he wrestled her to the
ground.

            Appellant claims that the evidence
is factually insufficient to show Officer Moreno was effecting an arrest
because contrary evidence shows he did not have an intent to arrest her when he
grabbed her bag.  Officer Moreno
testified that when he initially went with Garcia to find appellant, he did not
intend to arrest her, but only to remove her from the property.  Appellant also claims Officer Moreno’s
failure to bring handcuffs is evidence of his lack of intent.  However, the State’s evidence is
uncontroverted that appellant continued to struggle and strike him after he had
wrestled her to the ground while effecting the arrest.  We conclude the evidence is factually
sufficient to support appellant’s conviction. 


            Accordingly, the judgment of the
trial court is affirmed.

 

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed March 11, 2004.

Panel
consists of Justices Fowler, Edelman, and Seymore.

Do Not
Publish — Tex. R. App. P.
47.2(b).