IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00344-CR

 

Anthony Lemoha,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the County Crim Court No 7

Dallas County, Texas

Trial Court # MB02-59750-H

 



MEMORANDUM 
Opinion



 








       Appellant
appeals his conviction for criminal trespass. 
See Act of May 5, 1999, 76th Leg., R.S., ch. 161, § 1, 1999 Tex. Gen. Laws 633, 633 (amended 2003) (current
version at Tex. Penal Code Ann.
§ 30.05(a) (Vernon Supp. 2004-2005)).  We will affirm.

       In
his sole issue, Appellant contends that the evidence was legally
insufficient.  The misdemeanor
information alleged that Appellant “enter[ed] and remain[ed] in a building and
on property of another.”  The building
and property were a bus terminal.  The
other person was the complainant, an employee of the company that provided
security services for the terminal. 
Appellant argues that there was no evidence that the building and
property were those of the complainant. 
We will overrule Appellant’s issue.

       Appellant
points to evidence that the complainant is not the “owner” of the
terminal.  “[O]wnership is not an element of criminal
trespass.”  Langston v. State, 855 S.W.2d 718, 721 (Tex. Crim. App. 1993)
(emphasis in orig.); accord Arnold v.
State, 867 S.W.2d 378, 379
(Tex. Crim. App. 1993).  The criminal
trespass statute “requires only that the actor remained on property of another after receiving notice to
depart.”  Langston, 855 S.W.2d at 721 (emphasis in orig.); accord Arnold, 867 S.W.2d at 379; see Tex. Penal Code Ann.
§ 1.07(a)(5) (defining “another”). 
“[F]or the State to convict [the defendant] of entering and remaining on
another’s property, [the defendant]
may not have any claim to the property.” 
State v. Kinsey, 839 S.W.2d
168, 170 (Tex. App.—Fort Worth 1992) (emphasis in orig.), rev’d on other grounds, 861 S.W.2d 383 (Tex. Crim. App. 1993); see Young v. State, 976 S.W.2d 771, 773
(Tex. App.—Houston [14th Dist.] 1998, pet. ref’d); Bustillos v. State, 832 S.W.2d 668, 672 (Tex. App.—El Paso 1992,
pet. ref’d).  It is legally sufficient
for the State to make out a prima facie
case that property is that of a person other than the defendant.  Bustillos
at 671-72.  

       The
complainant testified that the bus terminal manager gave officers of the
complainant’s employer “authority on the premises” in order “for [them] to be
security on the premises, that is, “[t]o protect the passengers, to make sure
everybody has a ticket inside” the terminal. 
The complainant also testified that he had “a greater right to control
what was happening within th[e] property than” did Appellant.  Appellant does not point to any evidence that
he had any claim to the bus terminal. 
“[V]iewing the evidence in the light most favorable to the prosecution,”
we hold that a “rational trier of fact could have found the essential elements
of the crime beyond a reasonable doubt.” 
See Herrera v. Collins, 506 U.S. 390, 401 (1993); Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004).  We overrule Appellant’s issue.

       Having
overruled Appellant’s sole issue, we affirm.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

          Justice
Vance, and

          Justice Reyna

Affirmed


Opinion
delivered and filed January 5, 2005

Do
not publish

[CR25]






in 1.5in 2.0in 2.5in 3.0in 3.5in 4.0in 4.5in 5.0in 5.5in 6.0in 6.5in'>Do not publish

[CVPM]