**Raymond DURAND a/k/a Raymond Durand Holbin, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01-92-01123-CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 22, 1996.

Rehearing Overruled Oct. 31, 1996.

Ken McLean, Houston, for appellant.

John B. Holmes, J. Harvey Hudson, Houston, for appellee.

### OPINION ON REMAND FROM THE TEXAS COURT OF CRIMINAL APPEALS

HEDGES, Justice.

A jury convicted appellant of the murder of his wife, Jeannine Paulette Boissoneault Durand, and assessed his punishment at 30 years in prison. On August 11, 1994, this Court issued its opinion overruling appellant's nine points of error and affirming the conviction. *Durand v. State,* 881 S.W.2d 569 (Tex.App.—Houston [1st Dist.] 1994). In that opinion, we found the evidence legally sufficient to support the conviction but declined to engage in a factual sufficiency review of the evidence. *Id.* at 571.

In light of its recent decision in *Clewis v. State,* 922 S.W.2d 126 (Tex.Crim.App.1996), the Court of Criminal Appeals granted appellant's petition for discretionary review on this ground, vacated this Court's judgment, and remanded the case so that we may conduct a factual sufficiency review of the evidence. *Durand v. State,* No. 1245-94, —— S.W.2d ——, 1996 WL 509988 (Tex.Crim.App. June

5, 1996). The *Clewis* decision warrants our further consideration of only the portion of our opinion on original submission directed toward appellant's first point of error. The balance of our previous opinion stands unaffected by *Clewis*. On remand, we affirm the judgment of the trial court.

### Standard of Review

 In *Clewis*, the Court of Criminal Appeals held that the courts of appeals have the authority to review, in criminal cases, the factual sufficiency of the evidence to support the elements of the offense. 922 S.W.2d at 129, 131. In reviewing factual sufficiency of evidence, this Court is to view all the evidence and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.* at 129.

### Factual Sufficiency Analysis

In point of error one, appellant contends that the jury's implicit finding that the body described in file number 68–500 ("the body") was that of Jeannine was against the great weight and preponderance of the evidence. In support of this point, appellant relies on five conflicts in the evidence. Appellant relied on the same five conflicts in the evidence in connection with his second point of error, in which he attacked the *legal* sufficiency of the evidence, and asserted that no rational trier of fact could have found that the body was Jeannine's. *See Durand*, 881 S.W.2d at 572. Because the relevant facts are set forth in that opinion, we need not repeat them here.

In our earlier opinion, we analyzed those conflicts in connection with our disposition of point of error two. *Durand*, 881 S.W.2d at 572–74. Evaluated in the light most favorable to the verdict, we found the evidence legally sufficient to establish that the body was Jeannine's. *Id.* at 574. Further review of the conflicting evidence without the prism of "in the light most favorable" persuades us that the jury's finding that the body was Jeannine's was not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. The trier of fact is the sole judge of the witness's credibility and may believe or disbelieve any part of

a witness's testimony. *Gaines. v. State*, 874 S.W.2d 733, 734 (Tex.App.—Houston [1st Dist.] 1994, no pet.). Additionally, the trier of fact may believe a witness even though his testimony is contradicted. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App.1986), *cert. denied*, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). Thus, the jury was entitled to believe the evidence which indicated that the body was Jeannine's and to disregard testimony that it was not.

We find that the evidence is, contrary to appellant's contention, factually sufficient to support his conviction. We overrule point of error one.

We affirm the judgment of the trial court.

ANDELL, J., also participating.