Kenneth W. YOUNG, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–96–00464–CR, 01–97–00910–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 21, 1998

Discretionary Review Refused Oct. 21, 1998.

Frank Blzaek, Huntsville, for Appellant.

Jane Marie Scott, Huntsville, for Appellee.

Before SCHNEIDER, C.J., and WILSON and NUCHIA, JJ.

## OPINION ON MOTION FOR REHEARING

SCHNEIDER, Chief Justice.

We grant appellant's motion for rehearing. We withdraw our previous opinion and substitute the following in its place.[1]

The jury found appellant, Kenneth W. Young, guilty of criminal trespass and indecent exposure. The trial court assessed punishment for each offense at a fine of $200.00. We reverse the conviction for criminal trespass and affirm the conviction for indecent exposure.

## FACTS

On May 2, 1995, Deputy Chris Braziel was patrolling public rest areas along Interstate 45. As he drove through rest area number-four, he saw appellant inside of his vehicle. Deputy Braziel left that particular rest area and went to an adjacent rest area. About five minutes later, however, Deputy Braziel returned to rest area number-four and saw that appellant was still in his vehicle. Another vehicle then drove into rest area number-four and parked near appellant. The driver quickly got out his vehicle and walked toward the park area. At about the same time, appellant got out of his vehicle and also walked to the park area.

There are no public restrooms at rest area number-four, and there is a chain link fence behind the rest area that separates it from property adjacent to it.

Deputy Braziel parked his patrol car at the rest area, entered the park area, and walked toward the chain link fence. He noticed that the fence had two large holes, and he determined that someone recently had entered through one of the holes. After further examination, he noticed appellant's left profile. Appellant had his head down, but it looked as if he was speaking with someone. About 45 seconds later, appellant noticed the deputy and made eye contact with him. Then, at that moment, David Glavey, the man who entered the park with appellant, came up from below, facing appellant. Appellant's pants were unzipped, folded back, and his penis was in plain view.

Glavey turned and ran back to the front of the park where his vehicle was located. Deputy Braziel told appellant to dress himself and then to meet him back at his patrol car. Deputy Braziel then arrested appellant and Glavey.

## STANDARD OF REVIEW

The standard of review for legal sufficiency of the evidence is "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 n. 12, 61 L.Ed.2d 560 (1979). That is, the evidence must be examined in the light most favorable to the verdict when deciding whether appel-

---

1. In our previous opinion, we did not reach the merits of points of error three and four, which challenge the legal and sufficiency of the evidence supporting appellant's conviction for indecent exposure, because the jury charge was missing from the record. In disposing of these points of error, we cited *Boozer v. State*, 717 S.W.2d 608 (Tex.Crim.App.1984), and *Benson v. State*, 661 S.W.2d 708 (Tex.Crim.App.1982), which held that the sufficiency of the evidence is measured by the indictment as incorporated in the jury charge. Both of these cases were recently overruled in *Malik v. State*, 953 S.W.2d 234, 239–40 (Tex.Crim.App.1997), which held that the sufficiency of the evidence should be measured by the elements of the offense as defined by a hypothetically correct jury charge. Moreover, it has now became apparent that appellant properly supplemented the record with a copy of the jury charge. Accordingly, we issue this opinion on rehearing in light of the foregoing.

lant could be guilty beyond a reasonable doubt. *Martinets v. State*, 884 S.W.2d 185, 189 (Tex.App.—Austin 1994, no pet.).

When conducting a factual sufficiency review, we view all the evidence without the prism of "in the light most favorable to the prosecution" and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App.1996). Under this standard, all evidence must be examined equally, including testimony of the defense witnesses and the existence of alternative hypotheses. *Id.* We review all evidence before the jury—whether properly or improperly admitted—in addressing the sufficiency of the evidence to support a defendant's conviction. *Johnson v. State*, 871 S.W.2d 183, 186 (Tex.Crim.App. 1993). If the verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust, it must be set aside. *Id.*

## DISCUSSION

### *Criminal Trespass*

■ In points of error one and two, appellant challenges the legal and factual sufficiency of the evidence supporting his criminal trespass conviction. Specifically, appellant contends (1) he did not have sufficient notice that entry to the property was forbidden; and (2) the State did not prove the ownership of the property. We agree.

■ A person commits the offense of criminal trespass if he enters the property of another without effective consent, and he has notice that the entry is forbidden. *See* TEX. PENAL CODE ANN. § 30.05 (Vernon 1994). While ownership is not an essential element of criminal trespass, section 30.05 requires that the property in question belong to another. *See* TEX. PENAL CODE ANN. § 30.05; *Langston v. State*, 855 S.W.2d 718, 721 (Tex. Crim.App.1993). If the State pleads that a particular person owns the property, which is an "unnecessary specific allegation," then it has the burden of proving that allegation. *See Langston*, 855 S.W.2d at 721.

At trial, Eugene Campbell testified that he "had acquired" the property two years before trial. He stated that although he had not visited the property, he knew his property ran along Interstate 45 to Huntsville, and that it included property behind rest area number four. Although this property behind the rest area was the "property of another" as required by section 30.05, the State's pleading that the property was owned by Eugene Campbell requires that it prove the ownership in order to sustain the conviction. *See id.* We find that when viewed in the light most favorable to the verdict, no rational juror could have found, beyond a reasonable doubt that Eugene Campbell owned the property in question. There was no evidence of title pertaining to where Campbell's property began behind the rest area. In addition, no evidence was introduced as to the ownership of the fence itself which the State alleged separated Campbell's property from the rest area. While the existence of the fence was sufficient to give notice that entry to the property was forbidden, its existence is legally and factually insufficient to prove that Campbell owned the property 25–30 feet behind the fence where the arrest took place.

We sustain point of error one.

### *Indecent Exposure*

■ In points of error three and four, appellant challenges the legal and factual sufficiency of the evidence supporting his indecent exposure conviction. In point of error three, he argues there is legally insufficient evidence showing that he recklessly exposed his genitalia to Glavey. In point of error four, appellant argues there is factually insufficient evidence that he exposed himself with the intent to arouse or gratify any person's sexual desire.

■ A person commits the offense of indecent exposure if "he exposes his anus or any part of his genitals with intent to arouse or gratify the sexual desire of any person, and he is reckless about whether another is present who will be offended or alarmed by his act." TEX. PENAL CODE ANN. § 21.08 (Vernon 1994). Indecent exposure, therefore, requires that appellant actually expose himself to another individual. *See McGee v. State*, 804 S.W.2d 546, 547 (Tex.App.—Hous-

ton [14th Dist.] 1991, no pet.). The person to whom the exposure is directed, however, is not an essential element of the crime. *Wallace v. State*, 550 S.W.2d 89, 91 (Tex.Crim. App.1977); *McGee*, 804 S.W.2d at 547. The Court of Criminal Appeals has indicated that the failure to plead that an accused has exposed himself to a specific person or other individuals does not render an indictment or an information fundamentally defective. *Wallace*, 550 S.W.2d at 91. Because the person to whom the exposure is directed is not an essential element of the offense, the conviction will stand even without proof that appellant exposed himself to Glavey. *See McGee*, 804 S.W.2d at 547.

There is legally sufficient evidence that appellant recklessly exposed himself to Deputy Braziel. A person acts recklessly "with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur." TEX. PENAL CODE ANN. § 6.03(c) (Vernon 1994). Deputy Braziel testified that he climbed through a hole in the fence behind the rest area, looking for appellant and Glavey. After he recognized appellant, he noticed that he was talking and looking downward. Then, as he approached appellant, Glavey "popped up from below". The deputy testified that appellant's pants were clearly unzipped, and he that he saw appellant's penis in plain view. He stated that based upon appellant's position and the condition of his clothes, Glavey must have seen appellant's penis. He also testified that he saw appellant's penis.

Furthermore, appellant went only 25–30 feet behind the rest area. Sandra Young testified that the trails in the park area behind the rest area were trampled, and that she noticed people on the trails every time she stopped at that rest area. Appellant also admitted to his wife and other trial witnesses that another man walked behind the fence while he was "back there," and that he did speak with him.

A rational fact finder could have concluded that appellant was reckless, because, as far as he knew, other people, including Glavey, could have been in the park to explore the trails. Viewing the evidence in the light most favorable to the verdict, appellant was reckless about whether someone was present who might be offended.

■ Appellant contends the evidence was insufficient to show that the exposure occurred in a public place. Section 21.08 does not expressly require that the State prove appellant exposed himself in a public place; it merely requires the State to prove he recklessly exposed himself to another. *See* TEX. PENAL CODE ANN. § 21.08(a) (Vernon 1994).[2]

We conclude the evidence was legally sufficient to support the jury's finding. We overrule point of error three.

■ As to appellant's contention that there was factually insufficient evidence to prove he exposed himself with the intent to arouse or gratify the sexual desire of any person, appellant has not shown that the evidence is so contrary to the overwhelming weight of the evidence as to be manifestly unjust. Although there was testimony that appellant merely stopped to urinate, there was also evidence that Glavey was facing appellant and was below appellant's belt line when appellant's penis was exposed. The

2. Appellant relies on *Hines v. State*, 906 S.W.2d 518, 522 (Tex.Crim.App.1995) for the proposition that "deep in the woods" is not a public place. *Hines* involved a conviction for public lewdness. *See* TEX. PENAL CODE ANN. § 21.07(a)(3) (Vernon 1994). A person commits such an offense if he "knowingly engages in any of the following acts in a public place or, if not in a public place, he is reckless about whether another is present who will be offended or alarmed by his act of sexual contact." *See id.* In *Hines*, it was stipulated that the conduct did not occur in a public place. *Id.* at 519 n. 1. Accordingly, the Court of Criminal Appeals examined—just as in this case—whether Hines was reckless about whether another was present who was offended or alarmed. The Court held there was no reason to believe Hines was reckless with regard to the presence of a third party because he deliberately selected an isolated spot deep in the woods. *Id.* at 522. Unlike *Hines*, one witness in this case testified that she observed pedestrian traffic on the trails behind the rest area. Hence, a rational fact finder could believe appellant was reckless with regard to the presence of third party.

jury, as the trier of fact, is the sole judge of the credibility of the witnesses. *See Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App. 1986); *Durand v. State*, 931 S.W.2d 25, 26 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd). Hence, the jury in this case was entitled to disbelieve the testimony that appellant was merely urinating and believe that appellant had exposed himself with intent to gratify his own or Glavey's sexual desire. *See Sharp*, 707 S.W.2d at 614; *Durand*, 931 S.W.2d at 26.

We overrule point of error four.

We reverse the conviction for criminal trespass and render judgment acquitting appellant of that offense, and we affirm the conviction for indecent exposure.

En banc consideration was requested.

A majority of the Justices of the Court voted to overrule the request for en banc consideration.

TAFT, J., dissenting from the overruling of the request for en banc consideration.

TAFT, Justice, dissenting on overruling of en banc consideration.

I respectfully dissent from the reasoning and disposition of point of error one regarding the legal sufficiency of the evidence to prove ownership of the property with respect to the conviction for criminal trespass. I suggest two errors in the standard of review utilized by the Panel: (1) it makes no difference to sufficiency review that the State alleged ownership with unnecessary particularity because of *Malik v. State*, 953 S.W.2d 234 (Tex.Crim.App.1997); and (2) the Panel did not view the evidence in the light most favorable to the verdict, making every reasonable inference to sustain it.

The Panel opinion relies on *Langston v. State*, 855 S.W.2d 718, 721 (Tex.Crim.App. 1993) for the proposition that the State has the burden of proving an unnecessarily specific allegation. One of the cases quoted in the portion of *Langston* cited in the Panel opinion is *Boozer v. State*, 717 S.W.2d 608 (Tex.Crim.App.1984). *Boozer* was expressly overruled in *Malik. Malik*, 953 S.W.2d at 239.

Language in *Langston v. State*, 812 S.W.2d 406 (Tex.App.—Houston [14th Dist.] 1991), *aff'd*, 855 S.W.2d at 722, that the State could not prove ownership in a criminal trespass case by merely showing a greater right to possession than the defendant, was rejected by the Court of Criminal Appeals in *dicta* in *Langston*, 855 S.W.2d at 721–22 n. 7. The same language was expressly rejected in *Arnold v. State*, 867 S.W.2d 378, 379 (Tex.Crim. App.1993). This significantly lowered the burden of proof that this Court had required of the State in criminal trespass cases where the State had alleged ownership with unnecessary particularity. *See, e.g., Palmer v. State*, 764 S.W.2d 332, 334 (Tex.App.—Houston [1st Dist.] 1988, no pet.).

The error more critical to the result, however, is not viewing the evidence in the light most favorable to the jury's verdict. This is contrary to *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which is cited in the Panel opinion. Not cited, however, is any opinion standing for the proposition that reasonable inferences are to be made in favor of the verdict. *See Richardson v. State*, 879 S.W.2d 874, 879 (Tex.Crim.App.1993).

Eugene Campbell testified that he had acquired the property behind rest area number four. The uncontroverted evidence showed the offense took place some 25–30 feet beyond the fence behind rest area number four. Viewing the evidence in the light most favorable to the jury's verdict, and making every inference in the verdict's favor, the jury's implicit finding beyond a reasonable doubt that appellant was on Campbell's property is rational.

Indeed, to show the deficiency of the State's proof the Panel opinion emphasizes matters not shown by the evidence: (1) title; (2) where Campbell's property began behind the rest area; and (3) ownership of the fence itself. The Panel opinion points to no evidence introduced by appellant which contested Campbell's ownership of the property beyond the fence behind rest area number four. There was no evidence that anyone else owned any land behind rest area number four. Based on the evidence in the record,

the only rational conclusion that could have been reached regarding the ownership of the property behind rest area number four is that Eugene Campbell owned it.

Because of these two errors concerning the proper standard of review, which led to the wrong result in the appeal from the conviction for criminal trespass and could lead to wrong results in other cases, I respectfully dissent from the Panel decision and to the full court's denial of *en banc* consideration.