Opinion Issued December 12, 2002











  


 


                                                        
In The
Court of Appeals
For The
First District of Texas




NO. 01-00-01156-CR




ROSENDO RODRIQUEZ MORALES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause No. 823114




O P I N I O N

          A jury found appellant, Rosendo Rodriquez Morales, guilty of murder and
assessed punishment at 25 years in prison. We address whether the trial court
properly denied appellant’s motion to suppress and whether the sufficiency of the
evidence may be attacked by challenging the sufficiency of the evidence supporting
the suppression issue submitted to the jury. We affirm.
Facts
          Police officers found the body of Ruben Ramirez Rangel stuffed inside a
garbage can in the back seat of a truck. A note in the truck containing the name
“Morales” and a phone number led police to the apartment of appellant’s girlfriend,
where detectives learned Leticia Rodriguez had witnessed appellant strangling
Rangel. After discovering that appellant had fled to North Carolina, detectives found
appellant and took three statements from him, in which he admitted helping to
strangle Rangel. At trial, appellant denied killing Rangel. 
Admissibility of Custodial Statement
          In his first and second points of error, appellant contends that the trial court
erred in overruling the motion to suppress appellant’s custodial statement because the
warnings required do not appear on the face of the statement. Additionally, appellant
argues that the evidence is insufficient to show that he waived the requisite warnings
because the warnings were in Spanish.
          At the motion-to-suppress hearing, appellant objected to the custodial
statement on three grounds: (1) he asked for an attorney and did not get one, (2) there
was a discrepancy over whether appellant read the statement or it was read to him,
and (3) the name on the statement did not conform to the name on the indictment. 
Appellant did not contend below that the face of the custodial statement failed to
show that he waived the requisite warnings because the warnings did not appear on
the face of the statement or because they were in Spanish. Appellant has not
preserved these issues for appeal because he did not raise them in the trial court. See
Bell v. State, 938 S.W.2d 35, 54-55 (Tex. Crim. App. 1996); Tex. R. App. P. 33.1(a). 
          Consequently, we overrule appellant’s first and second points of error.
Legal Sufficiency and Factual Sufficiency
          In his third and fourth points of error, appellant contends that the evidence is
legally and factually insufficient to show that he committed the offense of murder. 
Appellant contends that, excluding appellant’s confession, for which there was
insufficient evidence of compliance with statutory requirements, the evidence
remaining is insufficient to establish appellant’s guilt.
          The standard of review for legal sufficiency is to view the evidence in the light
most favorable to the conviction and determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. 
Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). The standard of review for
factual sufficiency is whether a neutral review of all the evidence, both for and
against the finding, demonstrates that the proof of guilt is so obviously weak as to
undermine confidence in the jury’s determination of guilt or so against the
overwhelming weight of the evidence as to render the verdict manifestly unjust. King
v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000). Both standards apply to all of
the evidence, whether properly or improperly admitted. See Wilson v. State, 7 S.W.3d
136, 141 (Tex. Crim. App. 1999) (legal sufficiency); Young v. State, 976 S.W.2d 771,
773 (Tex. App.—Houston [1st Dist.] 1998, pet. ref’d) (factual sufficiency). When an
appellant challenges the legal sufficiency of the evidence by asking a court to view
less than all of the evidence, an appellant presents nothing for review. See Fuller v.
State, 827 S.W.2d 919, 930-31 (Tex. Crim. App. 1992). We see no reason why the
same analysis should not apply to a factual sufficiency review.
          Appellant’s point of error involves, as a threshold issue, a challenge to the
sufficiency of the jury’s determination of the admissibility of the confession issue. 
To allow such a challenge would violate the rule that the sufficiency of the evidence
is determined by viewing all of the evidence, whether properly or improperly
admitted.


 See Wilson, 7 S.W.3d at 141 (legal sufficiency); Young, 976 S.W.2d at
773 (factual sufficiency). Accordingly, we overrule appellant’s third and fourth points
of error.
Conclusion
          We affirm the judgment of the trial court.
 


                                                                        Tim Taft
                                                                        Justice
Panel consists of Justices Taft, Alcala, and Price.



Publish. Tex. R. App. P. 47.4.