In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00633-CR




RANDY SULLIVAN SCHROETER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 412th District Court
Brazoria County, Texas
Trial Court Cause No. 50,752


 




MEMORANDUM OPINION
          A jury found appellant, Randy Sullivan Schroeter, guilty of theft and assessed
punishment at three years imprisonment. See Tex. Pen. Code Ann. § 31.03(a)
(Vernon Supp. 2008). In his sole issue on appeal, appellant contends that the evidence
is factually insufficient to sustain his conviction. We affirm.
Background
          In September 2005, appellant was employed by Kay Services as an operator,
laborer, and haul driver. Kay Services frequently made scrap metal deliveries to
Commercial Metals Company but did not authorize its haul drivers to accept cash
payments.
          On September 20 and 21 of 2005, appellant made two scrap metal deliveries
to Commercial Metals and took cash as payment. Appellant testified that he put the
cash in a box above the sun visor of the delivery truck and returned the truck to Kay
Services without locking it. Because Hurricane Rita was approaching, appellant
asked the CEO of Kay Services, Don Boone, if he could evacuate his family using
another company truck and if he could borrow money. Don allowed the use of the
truck but denied the request for money. 
          During the evacuation, appellant’s father noticed that appellant had cash with
him. The father initially testified that the cash came from appellant’s paycheck, but
he admitted on cross-examination that he did not actually see appellant cash a check. 
After the evacuation, appellant returned the truck to Kay Services but did not return
to work. Kay Services later discovered that cash payments had been made to
appellant by Commercial Metals.
          One year after the evacuation, after appellant had been charged with the
offense, appellant had a conversation with Kay Services co-owner Marty Boone. At
trial, Marty testified that appellant admitted taking the cash and asked if the company
would drop the criminal charge if appellant paid the money back. Appellant denied
telling Marty that he took the money and claimed that he merely said he was sorry
that the money was missing.
Factual Sufficiency
          In his sole issue, appellant argues that the evidence is factually insufficient to
support his conviction for theft because Don Boone, the president and CEO of Kay
Services, was not present at the time of trial and appellant’s past criminal history
clouded the minds of the jury.



Standard of Review
          When conducting a factual sufficiency review, we view all of the evidence in
a neutral light. See Brown v. State, 212 S.W.3d 851, 859 (Tex. App.—Houston [1st
Dist.] 2006, pet. ref’d) (citing Ladd v. State, 3 S.W.3d 547, 557 (Tex. Crim. App.
1999)). We will set the verdict aside only if (1) the evidence is so weak that the
verdict is clearly wrong and manifestly unjust or (2) the verdict is against the great
weight and preponderance of the evidence. Brown, 212 S.W.3d at 859 (citing Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)). Under the first prong of Johnson,
we cannot conclude that a conviction is “clearly wrong” or “manifestly unjust” simply
because, on the quantum of evidence admitted, we would have voted to acquit had we
been on the jury. Brown, 212 S.W. 3d at 859 (citing Watson v. State, 204 S.W.3d 404,
417 (Tex. Crim. App. 2006)). Under the second prong of Johnson, we cannot declare
that a conflict in the evidence justifies a new trial simply because we disagree with
the jury’s resolution of that conflict. Id. Before finding that evidence is factually
insufficient to support a verdict under the second prong of Johnson, we must be able
to say, with some objective basis in the record, that the great weight and
preponderance of the evidence contradicts the jury's verdict. Id. In conducting a
factual sufficiency review, we must also discuss the evidence that, according to the
appellant, most undermines the jury’s verdict. Brown, 212 S.W.3d at 859 (citing Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003)).
          We may not re-weigh the evidence and substitute our judgment for that of the
fact-finder. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The
fact-finder alone determines what weight to place on contradictory testimonial
evidence because that determination depends on the fact-finder’s evaluation of
credibility and demeanor. See Cain v. State, 958 S.W.2d 404, 408-09 (Tex. Crim.
App. 1997). As the determiner of the credibility of the witnesses, the fact-finder may
choose to believe all, some, or none of the testimony presented. Id. at 407 n. 5. 
The Evidence 
          Appellant contends that the State did not establish that Kay Services did not
receive the cash payment because Don Boone was not called to testify at trial.
Appellant also notes that he testified that he left the money in the unlocked Kay
Services truck. He further contends that the confusion of the Hurricane Rita
evacuation creates reasonable doubt.
          A person commits theft if he unlawfully appropriates property with the intent
to deprive the owner of it. See Tex. Pen. Code Ann. § 31.03(a) (Vernon Supp. 2008).
Although the evidence of appellant’s culpability is almost entirely circumstantial,
circumstantial evidence may be as probative as direct evidence in establishing guilt.
See Guevara v. State, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004). It is not necessary
that every fact point directly and independently to the defendant’s guilt; it is enough
if the conclusion is warranted by the combined and cumulative force of all the
incriminating circumstances. See Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim.
App. 1993).
          Before evacuating, appellant asked Don Boone if he could borrow some
money, but his request was denied. Nevertheless, appellant’s father testified that
appellant had cash during the evacuation. Although appellant’s father believed that
the money came from appellant’s paycheck, he admitted that he did not see appellant
cash the check. Appellant also signed two scale tickets indicating that he was paid in
cash for his Sept. 20 and 21 deliveries. Kelly Reina, co-owner of Kay Services,
testified that Kay Services never received any payment for those deliveries.
          Additionally, Marty Boone testified that, about one year after the evacuation,
appellant admitted to him that he took the money and asked if Don Boone, who was
Marty’s father, would drop the criminal charge if appellant repaid Kay Services.
Although appellant denied telling Marty that he took the cash, the jury was free to
determine the weight to be given this contradictory testimony. See Cain v. State, 958
S.W.2d 404, 408–09 (Tex. Crim. App. 1997). As the sole judge of appellant’s
credibility, the jury was also free to disbelieve appellant’s testimony that he left the
cash in the Kay Services truck. See Durand v. State, 931 S.W.2d 25, 26 (Tex.
App.—Houston [1st Dist.] 1996, pet. ref’d). 
          Viewing the relevant evidence in a neutral light, favoring neither the State nor
appellant, and with appropriate deference to the jury’s credibility determinations, we
conclude that the evidence supporting the verdict is not too weak to support the jury’s
finding of guilt beyond a reasonable doubt and that the weight of the evidence
contrary to the verdict is not so strong that the State could not have met its burden of
proof. See Pena v. State, 251 S.W.3d 601, 609 (Tex. App.—Houston [1st Dist.] 2007,
pet. ref’d). 
          Accordingly, we overrule appellant’s sole issue.
Conclusion 
          We affirm the judgment of the trial court.

 
                                                             George C. Hanks, Jr.
                                                             Justice
 
          Panel consists of Justices Jennings, Hanks, and Bland.
 
          Do not publish. See Tex. R. App. P. 47.2(b).