NO. 07-02-0415-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



OCTOBER 17, 2003



______________________________




WILLIAM BRIDGES TYSON, JR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE COUNTY COURT OF NEWTON COUNTY;



NO. N2002-6; HONORABLE JOE NED DEAN, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

MEMORANDUM OPINION


 Following a plea of not guilty, appellant William Bridges Tyson, Jr. was convicted
by a jury of criminal trespass and punishment was assessed by the trial court at 180 days
confinement, suspended for two years. Presenting three issues, appellant contends (1)
the complaint did not satisfy the requirements of article 15.05 of the Texas Code of
Criminal Procedure; (2) the evidence is legally insufficient to prove his guilt beyond a
reasonable doubt; and (3) the trial court erred in refusing to submit his requested
instruction regarding a good faith dispute between the parties. Based upon the rationale
expressed herein, we reverse and render a judgment of acquittal.

 In 1983, complainant, Thomas T. Gill, built a house located 75 to 100 feet from
County Road 1058, which intersects Highway 63. According to his testimony and
photographs introduced into evidence, his land is cordoned off by cables and flags, and
"no trespassing" signs are posted. On December 30, 2001, Gill noticed appellant and
others taking down cables so they could drive through his property to reach the county
road. A convoy of vehicles was parked approximately 50 feet from his house. Despite
Gill's warning that they were trespassing and his request that they depart, they refused to
do so. Gill radioed the Sheriff's Department, but by the time law enforcement arrived,
appellant and the others had left. Gill accompanied an officer to the Newton County
Sheriff's Office to file charges. (1) 

 Considering appellant's issues in logical rather than sequential order, we first
address issue two by which he contends the evidence is legally insufficient to support his
conviction for criminal trespass. It is a fundamental rule of criminal law that one cannot be
convicted of a crime unless it is shown beyond a reasonable doubt that the defendant
committed each element of the alleged offense. U.S. Const. amend. XIV; Tex. Code Crim.
Proc. Ann. art. 38.03 (Vernon Supp. 2003); Tex. Pen. Code Ann. § 2.01 (Vernon 2003). 
In conducting a legal sufficiency review, we must determine whether, after viewing the
evidence in the light most favorable to the prosecution, any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820
S.W.2d 154, 157 (Tex.Cr.App. 1991), overruled on other grounds, Paulson v. State, 28
S.W.3d 570, 573 (Tex.Cr.App. 2000). As an appellate court, we may not sit as a thirteenth
juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than
a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

 Before determining whether the evidence is legally sufficient to sustain the
conviction, we must review the essential elements the State was required to prove. A
person commits criminal trespass if he enters or remains on property of another without
effective consent and he (1) had notice the entry was forbidden; or (2) received notice to
depart but failed to do so. (2) Tex. Pen. Code Ann. § 30.05(a) (Vernon 2003). The State
satisfies its burden of proving the "property of another" element by showing the
complainant had a greater right of possession of the property. Arnold v. State, 867 S.W.2d
378, 379 (Tex.Cr.App. 1993) (en banc); Langston v. State, 855 S.W.2d 718, 721
(Tex.Cr.App. 1993); see generally Thompson v. State, 12 S.W.3d 915, 920
(Tex.App.-Beaumont 2000, pet. ref'd) (holding the State need not prove ownership where
it pleads the defendant remained on "property of another" rather than explicit ownership
in a particular person). (3)

 Gill testified the "old skid road" used by appellant was not open to the public. He
further testified about a small cemetery designated as Farr Cemetery located one and one-half to two miles from his house and a right-of-way to the cemetery that had been
established by the historical commission and the landowners. According to Gill, the
landowners did not object to use of their land to access the cemetery; however, he claimed
the land was not for public use. While testifying, Gill referred to a map that was admitted
into evidence over defense counsel's objection. The map is not drawn to scale nor does
it contain any numbered highways or labeled roads.

 Minutes of the County Commissioners' meeting of December 10, 2001, were also
introduced into evidence. One of the motions on the agenda that passed was to accept
a petition and administratively determine that Gilchrist Place Road, Westbrook Sisters
Place Road, Farr Cemetery Road, and Mary Helen Road be declared public roads in
Precinct Two. Gill, County Commissioner of Precinct Two, voted against the motion.
During redirect examination, he testified about the public roads in relation to the location
of his house; however, his testimony is not easily reconciled with the map introduced into
evidence. He testified as follows:

 Q. Mr. Gill, any of those roads that were mentioned in the - the document
there, any of those roads mentioned, do they cross your property?

 A. Not where he was kilt at. The onliest [sic] one that was in question at that
time and we talked about it was what they want to call that Farr Cemetery
Road.

 Q. Okay. Ane [sic] what - where's - have you got the map still? If you
would, show us on the map where that road is?

 A. During the commissioner's meeting and discussion, the Farr Cemetery
Road -

 [Defense counsel]: Objection, Your Honor. He was just asked to show where
the cemetery was at.

 [Court]: Let me let - let me let - this might be the earliest, this thing here I
think will show up.

 Q. All right. If you would, show us where the road is, the Farr Cemetery
Road that was discussed in the commissioner's meeting? 

 A. Okay. It - it's right here where this X is, where the - where the cemetery
is and there's a road comes down and you eventually come on out and hit
1012 down here. I believe this is right in front of Pine Grove Church. 
There's two or three different ways once you get off in the main woods there,
you come in, get to it. And this, to our knowledge, is what some of the sen
- some of the citizens in the county is calling the - want to call the Farr
Cemetery.

 Q. Okay. Does [sic] the minutes there, you read the minutes of the
Commissioner's Court meeting, do they say anything about where the road 
ends?

 A. Uh -

 Q. Would you like - do you need to look at it to refresh your memory?

 A. Yeah, see it - the Farr Cemetery Road stops at the Farr Cemetery.

 Q. All right. And which - which direction is the road coming from to the Farr
Cemetery?

 A. That - it would be going - you'll be going from 1012, off of 1012 up this
way and stops at the cemetery right here [indicating].

 Q. Okay. And once again show us where your house is located on the map.

 A. And my house is up here next to County Road 1058.


Appellant testified that on December 30 he was traveling on an old road referred to as Farr
Cemetery Road. This statement is uncontradicted. The evidence also shows that as of
December 10, 2001, Farr Cemetery Road was administratively determined to be a public
road. An article from the Newton County News dated July 23, 1998, about the restoration
of Farr Cemetery was also introduced into evidence by the defense. The article provided
in part:

 During a meeting of the Farrs Chapel Cemetery Association in 1996, Ben
Lindsey offered to restore this cemetery and make it accessible to the public. 


* * *


 'I began exploring ways to access the cemetery and remembered an old
road that passed by Thomas Gill's house that led to the cemetery,' Lindsey
reported.


 Gill and Lowe contacted the three property owners . . . and permission was
given to build a one-lane road to the cemetery.


(Emphasis added). The evidence established that on December 10, 2001, Farr Cemetery
Road was declared to be a public road and that on December 30, 2001, appellant was
traveling on Farr Cemetery Road. The State failed to prove beyond a reasonable doubt
that on December 30, 2001, Gill had a greater right of possession to Farr Cemetery Road
than appellant. Viewing the evidence under Jackson, we conclude it is legally insufficient
to support appellant's conviction for criminal trespass. Our disposition of issue two
pretermits consideration of issues one and three.

 Accordingly, the judgment of the trial court is reversed and a judgment of acquittal
is hereby rendered.

 Don H. Reavis

 Justice

 

Do not publish.












 
1. A review of the record indicates other litigation involving disputes with landowners
and Newton County regarding whether certain roads are public roads. 
2. Notice may be by oral or written communication, fencing or other enclosure
designed to exclude intruders, posted signs, or placement of identifying purple paint marks
on trees or posts. Tex. Pen. Code Ann. § 30.05(b)(2) (Vernon 2003).
3. Although the information recites that appellant intentionally or knowingly entered
"property of another, namely, Thomas T. Gill," it did not plead ownership in Gill and thus
was only required to prove that Gill had a greater right of possession.



"64" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Shading 2 Accent 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-0225-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL E

 

OCTOBER 25, 2010

 

______________________________

 

 

INTERSTATE FIRE AND CASUALTY COMPANY AND 

UNITRIN COUNTY MUTUAL INSURANCE COMPANY, APPELLANTS

 

V.

 

GREAT WESTERN DRILLING LTD. D/B/A 

GREAT WESTERN DRILLING COMPANY, APPELLEE

 

_________________________________

 

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

 

NO. 07-04-20833; HONORABLE PAT PHELAN, JUDGE

 

_______________________________

 

Before CAMPBELL and PIRTLE, JJ. and BOYD, S.J.[1]

MEMORANDUM OPINION

            Pending before this
Court is a Motion to Dismiss and Remand in which the parties represent
they have reached a settlement and no longer wish to pursue this appeal.  The motion is signed by counsel for all
parties to this appeal.  Pursuant to Rule
42.1(a)(2)(B), we grant the motion, set aside the trial court's judgment as it
pertains to the parties to this appeal, and without passing on the merits of
the appeal, remand the cause to the trial court for the parties to effectuate
their settlement agreement.  Having granted
relief at the request of the parties, no motion for rehearing will be
entertained and our mandate will issue forthwith.

 

                                                                                    Patrick
A. Pirtle

                                                                                          Justice

 

 

 











[1]John
T. Boyd, Senior Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.  Tex. Gov't
Code Ann. § 75.002(a)(1) (Vernon 2005).