Affirmed and Opinion filed May 11, 2004









Affirmed
and Opinion filed May 11, 2004.

 

                                                                              

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-00037-CR

____________

 

SAMUEL EARL
PRESTON,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. Six

Harris County, Texas

Trial Court Cause No. 1143960

 



 

O P I N I O N

Appellant, Samuel Earl Preston, appeals
from his conviction for misdemeanor criminal trespass.  See Tex.
Pen. Code Ann. ' 30.05(a) (Vernon 2003).  After a jury found appellant guilty, the
trial court sentenced him to thirty days= incarceration,
probated for nine months, and a $300 fine. 
On appeal, appellant attacks the legal and factual sufficiency of the
evidence to support the jury=s verdict.  We affirm.

 

 








Background

Appellant was charged with trespassing on
the property of Rickie Roberts on or about November 10, 2002.[1]  At trial, the State presented evidence that
appellant entered and remained on real property titled to the Community Baptist
Church (Athe Church@) despite being
warned not to enter and being told to leave. 
Roberts testified that he is a trustee of the Church, which is a
nonprofit corporation.  Appellant, at one
time, had served as pastor of the Church.

In April 2002, the Church members selected
a new board of trustees, which included Roberts.  Roberts testified that the board took care of
the internal affairs of the Church, including hiring a pastor, paying the
bills, and ensuring upkeep of the property. 
He further stated that after he became a trustee he was given a set of
keys to the church building and the responsibility for making sure the building
was locked.

Later in April 2002, the Church members
voted to dismiss appellant as pastor. 
The board of trustees drafted a dismissal letter and had it sent to
appellant.  The letter stated appellant
was welcome to worship with the congregation during regular service hours.  Subsequently, the board decided to have a
trespass affidavit filed against appellant, and Roberts signed the affidavit
and filed it with the City of Houston.[2]








On November 10, 2002, appellant entered
the church building during Sunday services. 
Roberts testified that he tried to warn appellant that he was not supposed
to be there, and he attempted to stop appellant from entering the
building.  James Alfred, chairman of the
board of trustees, testified that he approached appellant, informed him of the
trespass affidavit, showed him a copy of it, and told him that if he did not
leave the premises the police would be called to remove him.  Nonetheless, appellant entered the building
and sat in the pastor=s seat behind the pulpit.

Officer Marte McDowell of the Houston
Police Department testified that he was called to the Church property on
November 10, 2002, at which time Roberts and Alfred showed him a copy of the
trespass affidavit.  McDowell then
contacted his supervisor, Sergeant R. C. Mitchison, who arrived on the scene,
as well.  The officers approached
appellant, Sargeant Mitchison informed him of the trespass affidavit and asked
him to leave, appellant refused, and the officers arrested him.

Analysis

In analyzing appellant=s legal and
factual sufficiency claims, we utilize the normal standards of review.  King v. State, 29 S.W.3d 556, 562
(Tex. Crim. App. 2000) (legal sufficiency standards); Johnson v. State,
23 S.W.3d 1, 11 (Tex. Crim. App. 2000) (factual sufficiency standards).

In his first two issues, appellant
contends the evidence is legally and factually insufficient to prove that
Rickie Roberts was an owner of the property. 
Specifically, appellant argues that (1) there is no evidence in the
record to show that a quorum of trustees attended the meeting at which the
trustees authorized Roberts to file the trespass affidavit, and (2) there was
no evidence to show that a majority of the trustees present at the meeting
voted to so authorize Roberts to file the affidavit, citing Tex. Rev. Civ. Stat. Ann. art.
1396-2.17(A), (C) (Vernon 2003) (including provisions governing voting
procedures for non-profit corporations= boards of
directors).








Appellant=s arguments,
however, improperly expand the requirements for proof of ownership under the
Texas Penal Code.  The Penal Code defines
Aowner@ as a person who Ahas title to the
property, possession of the property, whether lawful or not, or a greater right
to possession of the property than the actor.@  Tex.
Pen. Code Ann. ' 1.07(35) (Vernon Supp. 2004).  There is no requirement that the person
alleged to be the owner in a trespass action actually have title to the
property, or even specific authority from the title holder, so long as that
person has a greater right to possession than the defendant.  See Arnold v. State, 867 S.W.2d 378,
379 (Tex. Crim. App. 1993); see also Bader v. State, 15 S.W.3d 599, 606-08 (Tex. App.CAustin 2000, pet. ref=d) (holding security officers had
greater right to possession of University of Texas campus than did defendant
who was not a member of the faculty, staff, or student body and had been warned
not to return).

Here, the evidence demonstrated that
Roberts was a trustee of the Church, had been given a set of keys to the
church, and had been given responsibility to lock the building.  In contrast, appellant had been dismissed as
pastor of the Church, was involved in litigation with the Church, and had been
warned to not enter the premises or told to leave by Alfred (chairman of the
board of trustees), Roberts (a member of the board), and Sergeant
Mitchison.  Clearly, Roberts had a
greater right to possession of the property than did appellant.  Accordingly, we find the evidence was legally
and factually sufficient to support the finding that Roberts was an owner of
the property.  Appellants first two
issues are overruled.[3]

In his third and fourth issues, appellant
contends the evidence is legally and factually insufficient to prove that the
corporate owner had denied him effective consent to enter or remain on Church
property.  Appellant specifically asserts
that because the Church owned the property as a corporate entity, the State was
required to show that the corporate entity denied him consent to enter.








However, the information and the jury
charge state only that appellant did not have the effective consent of Roberts
and do not mention the title holder to the property.  As explained above, the evidence is
sufficient to demonstrate that Roberts was an owner under the Penal Code
definition because he had a greater right to possession of the property than
did appellant.  See Arnold, 867
S.W.2d at 379; Bader, 15 S.W.3d at 606-08.  Appellant does not cite any authority
suggesting that the State must prove or disprove anything in relation to the
owner of title when it demonstrates the alleged owner had a greater right to
possession than did the defendant.[4]  Nor have we discovered any such authority.[5]  Accordingly, appellant=s third and fourth
issues are overruled.

The trial court=s judgment is
affirmed.

 

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Opinion filed May 11, 2004.

Panel
consists of Chief Justice Hedges and Justices Frost and Guzman.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  The
information contained two operative paragraphs: the first alleged appellant
entered and remained on Roberts= property with notice that entry was forbidden, and
the second alleged appellant remained on the property after being told to
leave.  Both paragraphs further alleged
appellant lacked Roberts= effective consent to be on the property.  The jury charge reflected these two
paragraphs.





[2]  At some point,
civil litigation was filed regarding appellant=s
dismissal as pastor.





[3]  We note that
Roberts= right to possession was further supported by the
board=s authorization to file the trespass affidavit.  Although there was no specific evidence that
a quorum was present or that a majority of those present voted to authorize
Roberts= actions, it would have been an acceptable inference
for the jury to draw from Roberts=
testimony that the board authorized his action.  See Melton v. State, 120 S.W.3d 339,
342 (Tex. Crim. App. 2003) (A[the jury] maintains the power to draw reasonable
inferences from basic facts to ultimate facts@).  If the board action was in reality not
properly conducted (e.g., because of a lack of a quorum or majority
vote), this would have been an issue for the defense to raise during
cross-examination or through other evidence.





[4]  Appellant
cites only to section 1.07(35) of the Penal Code wherein an owner of property
is defined as a person with title to the property.  However, as explained above, that section
also permits the State to prove ownership by demonstrating Aa greater right to possession of the property than the
actor.@  Here, as also
discussed above, the evidence is sufficient to support the finding that Roberts
had a greater right of possession of the property than did appellant, thus
Roberts Aowned@ the property as defined under the Penal Code.





[5]  Of course,
nothing would have prevented appellant from attempting to prove that he had
consent of the title owner and, thus, had an equal or greater right of
possession than did Roberts.