Affirmed and Memorandum Opinion filed October 28, 2008








Affirmed and Memorandum Opinion filed October 28, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00495-CR

____________

 

ESEOSA OMORUYI OBADAGBONYI, Appellant

 

v.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 9

Harris County, Texas

Trial Court Cause No. 1428084

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Eseosa
Obadagbonyi, was charged with criminal trespass and assault.  Appellant entered
a plea of Anot guilty@ to both
offenses.  After considering the evidence, the jury found appellant guilty of
criminal trespass, but not guilty of assault.  The jury assessed appellant=s punishment at
confinement for 150 days in the Harris County Jail, probated for 18 months, and
a $750.00 fine.  On appeal, appellant claims the evidence at trial is legally
and factually insufficient to show he entered the residence.  We affirm.








BACKGROUND

On July 24, 2006,
Officer Jocelyn Harris of the University of Houston Police Department was
dispatched to an apartment on campus in response to a call reporting an
attempted burglary.  She noticed the door frame had been severely damaged,
indicating forced entry.  According to complainant, appellant kicked in the
door, entered the apartment, and slapped her face.  Appellant was charged with,
and convicted of, criminal trespass to a habitation.  

ANALYSIS

To support a
conviction, the State must prove that (1) the defendant, (2) without effective
consent, (3) entered or remained in the habitation of another, (4) knowingly or
intentionally or recklessly, (5) when he had notice that entry was forbidden or
received notice to depart but failed to do so.  Tex. Penal Code Ann. ' 30.05 (Vernon
Supp. 2008); see also Langston v. State, 812 S.W.2d 406, 408 (Tex. App.CHouston [14th
Dist.] 1991), aff=d, 855 S.W.2d 718
(Tex. Crim. App. 1993).  Appellant challenges the legal and factual sufficiency
of the evidence of the third element, that is, appellant=s entry into the
habitation. 

A.  Legal Sufficiency Standard of Review








In assessing the legal sufficiency of the evidence, we
consider all of the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  Threadgill v. State,
146 S.W.3d 654, 663 (Tex. Crim. App. 2004) (citing Jackson v. Virginia,
443 U.S. 307, 319 (1979)).  AThe Jackson standard of review
gives full play to the jury's responsibility fairly to resolve conflicts in the
evidence, to weigh the evidence, and to draw reasonable inferences from the
evidence.@  Id.  (quoting Garcia v. State, 57
S.W.3d 436, 441 (Tex. Crim. App. 2001) (internal quotation marks omitted)). 
The jury is the exclusive judge of the credibility of witnesses and of the
weight to be given testimony, and it is also the exclusive province of the jury
to reconcile conflicts in the evidence.  Wesbrook v. State, 29 S.W.3d
103, 111 (Tex. Crim. App. 2000).  When faced with conflicting evidence, we
presume the trier of fact resolved conflicts in favor of the prevailing party. 
Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).  Therefore, if
any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt, we must affirm.   McDuff v. State, 939 S.W.2d
607, 614 (Tex. Crim. App. 1997).

B. Factual
Sufficiency Standard of Review

In conducting a factual sufficiency review, we view the evidence in a neutral light
and will set aside the verdict only if the verdict is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust.  Cain
v. State, 958 S.W.2d 404, 407B08 (Tex. Crim.
App. 1997).  A clearly wrong and unjust verdict occurs where the finding is Amanifestly unjust,@ Ashocks the
conscience,@ or Aclearly demonstrates bias.@ Prible v.
State, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005).  We must employ
appropriate deference so we do not substitute our judgment for that of the fact
finder.  Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996). 
Thus, we do not engage in a second evaluation of the weight and credibility of
the evidence, but ensure only that the trier of fact reached a rational
decision.  Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993).








There are two ways in which the evidence may be
insufficient.  Harris v. State, 164 S.W.3d 775, 784 (Tex. App.CHouston [14th
Dist.] 2005, pet. ref'd).  First, when considered by itself, evidence
supporting the verdict may be too weak to support the finding of guilt beyond a
reasonable doubt.  Id.  Second, there may be evidence both supporting,
and contrary to, the verdict.  Id.  Weighing all the evidence under this
balancing scale, the contrary evidence may be strong enough that the
beyond-a-reasonable-doubt standard could not have been met such that the guilty
verdict cannot stand.  Id.  If there is evidence that establishes guilt
beyond a reasonable doubt which the trier of fact believes, the judgment cannot
be reversed on sufficiency of the evidence grounds.  Wicker v. State,
667 S.W.2d 137, 143 (Tex. Crim. App. 1984).  Our analysis considers the
evidence cited by appellant as most important in allegedly undermining the
verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

C. Application to
Facts

Appellant contends a rational jury could not have reached
the determination that appellant entered the residence based on the evidence
presented at trial.  Complainant testified appellant kicked in the door to her
apartment and entered without her consent.  No one else testified appellant entered
the apartment because complainant was alone in her apartment when he entered. 
Appellant used the tape recording of complainant=s call to campus
police, an e-mail, and a note written by complainant to discredit complainant=s testimony before
the jury. 

Officer Harris was dispatched to an Aattempted burglary@ at complainant=s home following
complainant=s call to campus police.  The tape of the call was
played for the jury at trial.  During complainant=s telephone
conversation with campus police, complainant stated that someone had been
banging on her door and that she feared that person would return.  Complainant
testified she called campus police after appellant entered the apartment,
remained for a short time, and then left the premises.  Appellant claims that
the discrepancy between complainant=s description
during the recorded conversation and complainant=s trial testimony
indicates appellant had not entered the apartment when the call was placed. 
Appellant introduced the tape to discredit complainant and show that appellant
did not enter the residence. 








Appellant also questioned complainant at trial about an
e-mail and a handwritten note she had given to appellant apologizing for lying
to him during their relationship.  Initially, complainant denied the existence
of these documents.  After they were admitted into evidence, appellant used
them to show complainant is not always truthful.  Appellant argues a rational
jury could not have found he entered the apartment given the officer was
dispatched to an Aattempted burglary@ and the alleged
lack of credibility of the complainant.  Appellant also argues the tape
recording of complainant=s call to the police and her written
admissions of dishonesty during her relationship with appellant make up the
evidence that most undermines the jury=s verdict. 
Finally, appellant contends this evidence coupled with the alleged bias
exhibited by the State=s other testifying witnesses shows the
great weight of the evidence contradicts the jury=s verdict. 

The jury is the exclusive judge of the credibility of
witnesses and of the weight to be given their testimony.  Jones v. State,
944 S.W.2d 642, 647 (Tex. Crim. App. 1996).  The jury may choose to believe
some testimony and disbelieve other testimony.  Margraves v. State, 34
S.W.3d 912, 919 (Tex. Crim. App. 2000).  Appellant took advantage of the
opportunity to challenge the State=s witnesses= perception of the
facts and to expose any possible bias in their motivation for testifying during
cross-examination.  We presume the jury considered all of the evidence
presented by the defense attacking complainant=s credibility and
the State=s other witnesses when it relied on that testimony to
convict appellant.  The demonstration of potential bias and dishonesty on the
part of some of the State=s witnesses does not amount to
contradiction of the verdict by the great weight of the evidence.         

CONCLUSION

We hold a reasonable jury could conclude from the evidence
presented here that appellant entered the premises.  We also find the jury=s verdict is not
so contrary to the overwhelming weight of the evidence as to be clearly wrong
and unjust.  Accordingly, the evidence is legally and factually sufficient to
support the conviction.  Appellant=s first and 

 

 








second
points of error are overruled, and the judgment of the trial court is
affirmed.  

 

 

 

 

 

/s/      J. Harvey Hudson

Senior Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion issued October 28, 2008.

Panel consists of
Justices Anderson and Frost, and Senior Justice Hudson.*

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 

 

 









* 
Senior Justice J. Harvey Hudson sitting by assignment.